RODRIGUEZ V. STATE



NO. 07-07-0104-CR


 07-07-0105-CR

 07-07-0106-CR

 07-07-0107-CR

 07-07-0108-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MAY 23, 2007


______________________________



ALFONSO DEMETRIO RODRIGUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NOS. 17772-C, 17773-C, 17774-C, 17829-C, 18159-C;



HONORABLE DAVID GLEASON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Alfonso Demetrio Rodriguez filed a pro se notice of appeal from five
separate judgments convicting him of abandoning a child, kidnapping, unauthorized use
of a motor vehicle, assault on a public servant, and criminal mischief. The clerk's record
has been filed, and reflects that appellant had appointed counsel at trial. On May 11,
2007, appellant filed a letter with this court indicating he has not yet been appointed
counsel to assist with his appeal. 

 Accordingly, we now abate this appeal and remand the causes to the 251st District
Court of Randall County for further proceedings. Upon remand, the trial court shall utilize
whatever means necessary to determine the following:

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and

 3. whether the appellant is entitled to appointed counsel.

 Should it be determined appellant wishes to prosecute the appeal, is indigent, and
is entitled to an appointed attorney, the trial court shall appoint counsel. If counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in an order appointing counsel. If necessary, the trial court shall issue
findings of fact, conclusions of law, and any necessary orders it may enter regarding the
aforementioned issues and cause its findings, conclusions, and orders to be included in
a supplemental clerk's record. A supplemental record of the hearing, if any, shall also be
prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall
be filed with the Clerk of this Court on or before June 22, 2007.

 It is so ordered.

 Per Curiam

Do not publish.



l', sans-serif">MAY 19, 2009

______________________________


JOE N. DANIELS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 17521-0801; HONORABLE ED SELF, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a plea of not guilty, Appellant, Joe N. Daniels, was convicted by a jury of
indecency with a child, enhanced. Punishment was assessed at fifty years confinement. 
In presenting this appeal, counsel has filed an Anders


 brief in support of a motion to
withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities,
the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 
Counsel has demonstrated that he has complied with the requirements of Anders and In
re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right
to file a pro se response if he desired to do so, and (3) informing him of his right to file a
pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408.


 By letter, this
Court granted Appellant thirty days in which to exercise his right to file a response to
counsel’s brief, should he be so inclined. Id. at 409 n.23. Appellant did file a response.
However, the State did not favor us with a brief.
          By the Anders brief, counsel contends he has found no issues to present on appeal. 
However, he raises a potential charge error and then concedes that egregious harm, which
would be required to support reversal, is not demonstrated in the record. By his pro se
response, Appellant maintains (1) he was denied effective assistance of trial counsel and
(2) the child victim made multiple inconsistent statements in her testimony.
          We have independently examined the entire record to determine whether there are
any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409; Stafford
v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. 
See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record,
counsel’s brief, and Appellant’s pro se response, we agree with counsel that there are no
plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.